IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv465

| | |
|---|---|
| TIMOTHY MICHAEL LULLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 16] and **GRANT** the Motion for Summary Judgement [# 13].

I. **Procedural History**

Plaintiff filed an application for disability insurance benefits and supplemental security income on December 12, 2011. (Transcript of Administrative Record ("T.") 244-51.) The application had a protective filing date

of December 10, 2011. (T. 10, 124, 126.) Plaintiff alleged an onset date of November 8, 2007. (T. 244, 250.) The Social Security Administration denied Plaintiff's claims. (T. 130-34.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 139-56.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 33-65.) The ALJ then issued a decision finding that Plaintiff was not disabled from November 8. 2007, through the date of the decision. (T. 27.) Plaintiff requested review of the ALJ's decision. (T. 5.) The Appeals Council denied Plaintiff's request for review. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity.  Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing.  Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016).  If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end.  Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015).   The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability.  Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC").  Mascio, 780 F.3d at 635.  After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work.  Id.  The burden is on the claimant to demonstrate that he or she is

unable to perform past work.  Monroe, 826 F.3d at 180.  If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five.  Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work.  Id.  The burden rest with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience.  Id.; Monroe, 826 F.3d at 180.  Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.   If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.   The ALJ's Decision**

In his April 25, 2014, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act.  (T. 27.)  The ALJ made the following specific findings:

(1)  The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.

(2)  The claimant has not engaged in substantial gainful activity since November 8 2007, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

(3)  The claimant has the following severe impairments: paresthesia of bilateral feet, history of plantar fasciitis and calcaneal spurs, cervical degenerative disc disease, mild wedge deformity at L1 vertebrae, history of hyperglycemia, GERD, hepatitis C, cirrhosis, gastritis, esophageal varices, chronic obstructive pulmonary disease (COPD), depression anxiety, and history of polysubstance abuse (20 CFR 404.1520(c) and 416.920(c)).

(4)  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5)  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work (lift and carry 20 pounds occasionally and 10 pounds frequently, as defined in 20 CFR 404.1567(b) and 416.967(b)), except that he should have a sit/stand option that allows him to change positions twice per hour. He should never climb ladders, ropes or scaffolds. He should avoid concentrated exposure to particulates, dusts, fumes, and other pulmonary irritants. He is limited to simple routine repetitive tasks.

(6)  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7)  The claimant was born on May 25, 1963 and was 45 years old, which is defined as a young individual age 18-49, on the alleged disability onset date. The claimant subsequently

changed age categories to closely approaching advanced age (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from November 8, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 12-27.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76

F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.     **Analysis[1]**

In determining whether a claimant is disabled, the ALJ considers any medical opinions in the record together with the other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions constitute statements from physicians and psychologists, as well as other acceptable medical sources, reflecting judgments about the nature and severity of the claimant's impairment, including the claimant's symptoms, diagnosis, and prognosis, what the claimant can still do

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

despite his or her impairment, and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2,

1996); 20 C.F.R. § 404.1527(d).  Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."  SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions.  20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996).  Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight.  See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996).   A consultative examiner is a nontreating medical source.  See 20 C.F.R. § 404.1502.  As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502.  Of course, the ALJ may still give "great weight" to the

opinion of a nontreating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Although a plaintiff's Global Assessment of Functioning ("GAF") score is merely a snapshot of a claimant's functioning at a specific moment in time, Powell v. Astrue, 927 F. Supp. 2d 267, 273 (W.D.N.C. 2013) (Reidinger, J.), the score is a medical opinion when it is assigned by an acceptable medical source, Kennedy v. Colvin, 3:14-cv0665-RJC, 2016 WL 890602, at *4 (W.D.N.C. Mar. 8, 2016) (Conrad, J.) (unpublished); May v. Colvin, Civil Action No. 1:15-CV-00090-GCM, 2016 WL 4917046, at *5 (W.D.N.C. Sept. 13, 2016) (Mullen, J.) (unpublished). Thus, a GAF score from an acceptable medical source constitutes a medical opinion, which the ALJ is required to consider and assign weight, just as it would any other medical opinion. See Kennedy, 2016 WL 890602, at *4; May, 2016 WL 4917046, *5.

Here, the record contains at least six GAF scores. (T. 811, 958, 995, 1001, 1007, 1116.). The Commissioner acknowledges that five of these scores are from acceptable medical sources. (Def.'s Mem. Supp. Mot. Summ. J. at 16, ECF No. 17.) Moreover, at least some of these GAF scores appear to be from treating sources and, as such, could be entitled to controlling weight. See 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. "When case evidence includes a GAF

from a treating source and you do not give it controlling weight, you must provide good reason in the personalized disability explanation or decision notice." Kennedy, 2016 WL 890602, at *4 (quoting AM-13066). The decision of the ALJ, however, is devoid of any discussion of these scores, much less a discussion as to the weight assigned to the scores.

The Commissioner contends that despite being from acceptable medical sources, the GAF scores in the record were not medical opinions because the scores were not accompanied by an explanation of what the clinician considered when the clinician assigned the GAF score and failed to indicate the period for which the score applies. (Def.'s Mem. Supp. Mot. Summ. J. at 15-16.) Despite the revisions to AM-13066, courts continue to treat GAF scores as opinion evidence. See e.g. Kennedy, 2016 WL 890602, at *4; May, 2016 WL 4917046, *5; Switzer v. Colvin, 1:15cv212, 2016 WL 4182755, at *5 (Jul. 5, 2016) (Howell, Mag. J.) (unpublished); SSA, AM-13066 REV, "Global Assessment of Functioning (GAF) Evidence in Disability Adjudication – REV" (effective Oct. 14, 2014). Factors such as the failure to explain the rational behind a GAF, the failure to indicate the period of time for which a GAF applies, or whether the GAF rating is well supported and consistent with other the evidence in the record goes to what, if any, weight the ALJ should assign to the medical opinion not whether the score itself is

a medical opinion that must be considered. As is often the case with these cases, there may be numerous reasons for the ALJ to assign little or no weight to the GAF scores, but it is incumbent on the ALJ to address these opinions, assign them some weight, address the conflicting evidence in the record, and provide sufficient legal reasoning in the decision as to the weight assigned to the decisions for the Court to conduct meaningful review. Like the Court in Kennedy, the Court finds that remand is required in this case for the ALJ to address the GAF scores in the record. Because these are decisions left to the ALJ, not this Court, the Court cannot say that the errors are harmless without conducting the type of factual inquiry that the Fourth Circuit has cautioned this Court against conducting. See Fox v. Colvin, 632 F. App'x 750, 755 (4th Cir. 2015) (unpublished). Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion and **REMAND** this case.

### VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 16], **GRANT** the Motion for Summary Judgement [# 13], and **REMAND** this case.

Signed: November 26, 2016

_____
Dennis L. Howell
United States Magistrate Judge 

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).